# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
Department of Justice, Antitrust Division
450 5th Street, NW, Suite 8000
Washington, DC 20530

*Plaintiff,*

v.

Symrise AG
Mühlenfeldstraße 1
37603 Holzminden, Germany

and

IDF Holdco, Inc.
3801 East Sunshine Street
Springfield, MO 65809

and

ADF Holdco, Inc.
3801 East Sunshine Street
Springfield, MO 65809

*Defendants.*

## COMPLAINT

The United States of America brings this civil action pursuant to Section 7 of the Clayton Act, 15 U.S.C. § 18, to enjoin the acquisition of International Dehydrated Foods, LLC ("IDF") and American Dehydrated Foods, LLC ("ADF") (collectively "IDF/ADF") from IDF Holdco, Inc. and ADF Holdco, Inc. by Symrise AG ("Symrise") and to obtain other equitable relief. The United States alleges as follows:

I.      **NATURE OF THE ACTION**

1.      Symrise's acquisition of IDF/ADF would combine two of the leading manufacturers and sellers of chicken-based food ingredients made from human-grade natural chicken, including chicken broth, chicken fat, and cooked chicken meat (hereafter "chicken-based food ingredients") and sold to food manufacturers in the United States.  Symrise and IDF/ADF manufacture chicken-based food ingredients for use by manufacturers of food for people and pets (collectively "food manufacturers") in products such as soups, stews, sauces, gravies, dry seasonings, and baking mixes.

2.      Food manufacturers purchase chicken-based food ingredients to provide taste, nutritional content, and functional characteristics to the food manufacturers' end products.  Food manufacturers have few alternatives to chicken-based food ingredients, which provide the unique flavor and texture profiles of food manufacturers' branded soups, sauces, and gravies.  In addition, United States Department of Agriculture regulations require chicken-based food ingredients to be manufactured domestically, which prevents food manufacturers from turning to imports.

3.      IDF/ADF is the established United States market leader in the manufacture and sale of chicken-based food ingredients for food manufacturers, with a market share of approximately 54%.

4.      Symrise, a leading manufacturer of chicken-based food ingredients in Europe recently entered the United States market by building a state-of-the-art chicken-based food ingredients plant in Banks County, Georgia.  The plant opened in October 2018.  Symrise is poised to become the second-largest manufacturer of chicken-based food ingredients in the

United States, as its newly opened Banks County plant represents 23% of the manufacturing capacity in the market.

5.      Symrise now seeks to acquire IDF/ADF.  If the acquisition is allowed to proceed, the competition between these companies in the manufacture and sale of chicken-based food ingredients in the United States will be lost, and the merged firm will control 75% of the capacity in the market, leading to higher prices, reduced service quality, and diminished innovation.

6.      Accordingly, as alleged more specifically below, the acquisition, if consummated, likely would substantially lessen competition in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and should be enjoined.

## II.     DEFENDANTS AND THE TRANSACTION

7.      Defendant Symrise is a global company headquartered in Holzminden, Germany. Symrise has diversified operations in multiple lines of business, including a chicken-based food ingredients business run by its Diana Food and Diana Pet Food subsidiaries.  Symrise is the market leader in Europe in manufacturing and selling chicken-based food ingredients to food manufacturers.  In 2019, Symrise began to sell products from its newly constructed plant in Banks County, Georgia, to United States food manufacturers, including to some of IDF/ADF's largest customers.  The plant represents approximately 23% of the capacity in  the market for the manufacture and sale of chicken-based food ingredients.

8.      Defendants IDF Holdco, Inc. and ADF Holdco, Inc. are the ultimate parent entities of IDF and ADF, family-owned limited liability companies headquartered in Springfield, Missouri.  IDF manufactures chicken-based food ingredients.  ADF holds the family's interests in Food Ingredient Technologies, LLC ("Fitco") which also manufactures chicken-based food ingredients.  The chicken-based food ingredients operations of IDF and ADF's Fitco business are

run in an integrated fashion and include plants in Anniston, Alabama and Monett, Missouri. Like Symrise, IDF/ADF manufactures and sells chicken-based food ingredients to food manufacturers in the United States.  IDF/ADF is the largest supplier of chicken-based food ingredients in the United States with a capacity-based market share of approximately 54% and 2018 fiscal year sales of $177 million.

9.      Pursuant to a Purchase Agreement dated January 31, 2019 ("Transaction"), Symrise will acquire IDF/ADF, and related assets for approximately $900 million.

## III.    JURISDICTION AND VENUE

10.     The United States brings this action pursuant to Section 15 of the Clayton Act, as amended, 15 U.S.C. § 25, to prevent and restrain Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18.

11.     Defendants manufacture chicken-based food ingredients in the flow of interstate commerce, and their sale of chicken-based food ingredients substantially affects interstate commerce.  The Court has subject matter jurisdiction over this action pursuant to Section 15 of the Clayton Act, 15 U.S.C. § 25, and 28 U.S.C. §§ 1331, 1337(a), and 1345.

12.     Defendants have consented to venue and personal jurisdiction in the District of Columbia for adjudication of this matter.  Venue is therefore proper in this district under Section 12 of the Clayton Act, 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) and (c).

## IV.    RELEVANT MARKET

13.     Chicken-based food ingredients manufactured and sold to food manufacturers is a relevant product market and line of commerce under Section 7 of the Clayton Act.  Food manufacturers have no reasonable substitutes for chicken-based food ingredients.  Because food

manufacturers have no reasonable alternatives to chicken-based food ingredients, few, if any, food manufacturers would substitute to other products in response to a price increase.

14.     Food manufacturers choose from chicken-based food ingredients suppliers that can provide the flavor, nutritional profile, and functional characteristics required by the food manufacturers' manufacturing processes.  The market for chicken-based food ingredients is nationwide.  Symrise and IDF/ADF compete with one another for customers throughout the United States.

15.     A well-accepted methodology for assessing whether a group of products and services sold in a particular area constitutes a relevant market under the Clayton Act is to ask whether a hypothetical monopolist over all the products sold in the area would raise prices for a non-transitory period by a small but significant amount, or whether enough customers would switch to other products or services or purchase outside the area such that the price increase would be unprofitable.  *Fed. Trade Comm'n & U.S. Dep't of Justice Horizontal Merger Guidelines* (2010); *accord Fed. Trade Comm'n v. Whole Foods Mkt.*, 548 F.3d 1028, 1038 (D.C. Cir. 2008).  A hypothetical monopolist of chicken-based food ingredients manufactured and sold in the United States likely would impose at least a small but significant price increase because few if any customers would substitute to purchasing other products.  Therefore, the manufacture and sale of chicken-based food ingredients in the United States is a relevant market under Section 7 of the Clayton Act.

## V.     LIKELY ANTICOMPETITIVE EFFECTS

16.     The proposed acquisition is likely to lead to anticompetitive effects.  As an initial matter, the transaction is presumptively anticompetitive.  The Supreme Court has held that mergers that significantly increase concentration in concentrated markets are presumptively

anticompetitive and, therefore, unlawful.  *See United States v. Phila. Nat'l Bank*, 374 U.S. 321, 363-65 (1963).  To measure market concentration, courts often use the Herfindahl-Hirschman Index ("HHI") as described in the *Horizontal Merger Guidelines*.[1]  Mergers that increase the HHI by more than 200 and result in an HHI above 2,500 in any market are presumed to be anticompetitive.

17.     The relevant market is highly concentrated and would become more concentrated as a result of the Transaction.  IDF/ADF's share of the relevant market based on its maximum capacity to process chicken into ingredients is approximately 54%.  Symrise's new Banks County plant has the capacity to take a 23% share of the market.  None of the remaining manufacturers holds larger than 6% share.

18.     The market for the manufacture and sale of chicken-based food ingredients in the United States currently is highly concentrated, with an HHI over 3,500.  The Transaction would increase the HHI by about 2,400, rendering the Transaction presumptively anticompetitive under Supreme Court precedent.

19.     Defendants are two of only a few firms that have the technical capabilities and expertise to manufacture and sell chicken-based food ingredients in the United States.  Defendants vigorously compete on price, service quality, and product development, and customers have benefitted from this competition.

---

[1] *See* U.S. Dep't of Justice and Federal Trade Commission, Horizontal Merger Guidelines § 5.3 (2010), *available at* http://www.justice.gov/atr/public/guidelines/hmg-2010 html.  The HHI is calculated by squaring the market share of each firm competing in the market and then summing the resulting numbers.  For example, for a market consisting of four firms with shares of 30, 30, 20, and 20 percent, the HHI is 2,600 ($30^2 + 30^2 + 20^2 + 20^2 = 2,600$).  The HHI takes into account the relative size distribution of the firms in a market.  It approaches zero when a market is occupied by a large number of firms of relatively equal size and reaches its maximum of 10,000 points when a market is controlled by a single firm.  The HHI increases both as the number of firms in the market decreases and as the disparity in size between those firms increases.

20.     The Transaction would eliminate the competition between Defendants to manufacture and sell chicken-based food ingredients to food manufacturers in the United States. After the Transaction, Symrise would gain the incentive and ability to raise its prices significantly above competitive levels, reduce its investment in research and development, and provide lower levels of service.

## VI.     ABSENCE OF COUNTERVAILING FACTORS

21.     Entry by a new manufacturer of chicken-based food ingredients or expansion of existing marginal manufacturers would not be timely, likely, and sufficient to prevent the substantial lessening of competition caused by the elimination of IDF/ADF as an independent competitor.

22.     Successful entry into the market for the manufacture and sale of chicken-based food ingredients in the United States is difficult, costly, and time consuming.  Any entrant would need to develop infrastructure, research and development capabilities to allow it to manufacture ingredients to match the taste and other characteristics desired by customers, supply relationships to provide reliable access to raw materials, and a track record of successfully meeting customer needs in the food industry.  Because of the significant investment food manufacturers make in developing products according to specific taste, nutritional, and other characteristics, as well as the high costs of any problem or delay in production, food manufacturers are unlikely to switch away from established chicken-based food ingredients manufacturers, making it difficult for new chicken-based food ingredients manufacturers to enter the market.  As an example, it took Symrise, an experienced food ingredients manufacturer with extensive chicken-based food ingredients operations in Europe, almost three years to construct the plant in Banks County,

Georgia, that opened recently.  Finally, as noted above, United States Department of Agriculture regulations prevent food manufacturers from importing products from abroad.

23.    Defendants cannot demonstrate cognizable and merger-specific efficiencies that would be sufficient to offset the Transaction's anticompetitive effects.

## VII.   VIOLATION ALLEGED

24.    The effect of the Transaction, if consummated, would likely be to lessen substantially competition for chicken-based food ingredients manufactured and sold to food manufacturers in the United States in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. Unless restrained, the Transaction would likely have the following effects, among others:

a)    competition in the market for chicken-based food ingredients sold to food manufacturers in the United States would be substantially lessened;

b)    prices for chicken-based food ingredients sold to food manufacturers in the United States would increase;

c)    the quality of chicken-based food ingredients sold to food manufacturers in the United States would decrease; and

d)    innovation in the market for chicken-based food ingredients sold to food manufacturers in the United States would diminish.

## VIII.  REQUESTED RELIEF

25.    The United States requests that this Court:

a)    Adjudge Symrise's proposed acquisition of IDF/ADF to violate Section 7 of the Clayton Act, 15 U.S.C. § 18;

b)    Permanently enjoin and restrain Defendants from consummating the proposed acquisition by Symrise of IDF/ADF or from entering into or

carrying out any contract, agreement, plan, or understanding, the effect of

which would be to combine Symrise and IDF/ADF;

c)      Award the United States its costs for this action; and

d)     Award the United States such other and further relief as the Court deems

just and proper.

Dated:  October 30, 2019

Respectfully submitted,

FOR PLAINTIFF UNITED STATES:

_____
MAKAN DELRAHIM
Assistant Attorney General

_____
BERNARD A. NIGRO, JR. (DC BAR
#412357)
Deputy Assistant Attorney General

_____
KATHLEEN S. O'NEILL
Senior Director of Investigations
   & Litigation

_____
ROBERT A. LEPORE
Acting Chief
Transportation, Energy &
   Agriculture Section

_____
PATRICIA C. CORCORAN (DC Bar #461905)
Assistant Chief
Transportation, Energy &
   Agriculture Section

_____
WILLIAM M. MARTIN
Jeremy Evans (DC Bar #478097)
Barbara W. Cash

Attorneys for the United States

U.S. Department of Justice
Antitrust Division
450 5th Street, NW, Suite 8000
Washington, DC 20530
(202) 616-2371
William.martin@usdoj.gov